**Jeff Russell TRAXTLE, Plaintiff–
Appellant,**

v.

**Sherri HOLMAN, Library Coordinator,
Oregon Department of Corrections;
Don Mills, Superintendent, DOC, Two
Rivers Correctional Institution, Defendants–Appellees.**

**No. 12–35063.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

---

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed.

Filed Jan. 3, 2013.

Jeff Russell Traxtle, Salem, OR, pro se.

David B. Thompson, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Oregon state prisoner Jeff Russell Traxtle appeals pro se from the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging a violation of his constitutional right of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir.2009), and we affirm.

The district court properly dismissed Traxtle's action as time-barred because his access-to-courts claim accrued more than two years before he filed his complaint. *See* Or.Rev.Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Douglas*, 567 F.3d at 1109 (for § 1983 claims, courts apply the forum state's statute of limitations for personal injury claims); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir.2000) (an access-to-courts claim accrues when the lower court issues its judgment in the underlying action, not when the appeals of that judgment have been exhausted).

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.

Traxtle's reliance on *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), is misplaced.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.